PEYRIE, *Appellant* v. SCHREIBER *et al.*

United States Internal Revenue : SUCCESSION TAX: COLLECTOR'S NO-
TICE OF SALE.    When the owner of land, on account of which a
United States succession tax has been assessed, resides in the same
collection district with the land, but not upon it, a collector's notice
of seizure and sale of the same to pay the tax, is not lawfully served
upon him by leaving a copy at the domicile on the land.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB,
Judge.

*W. H. Sherman* for appellant.

*Mossman and Loan* for respondent.

HOUGH, J.—This was an action of ejectment for la
in Buchanan county.    The plaintiff claimed title under

deed made to him by the deputy collector of internal revenue for the 6th collection district of Missouri, in pursuance of a sale made by said collector of the premises in controversy for a succession tax assessed against the same, under the revenue laws of the United States. At the trial, the collector's deed was offered in evidence, but was excluded by the court, and the plaintiff thereupon took a non-suit with leave to move to set the same aside, and has brought the case here by appeal.

The sale by the collector was made under the 9th section of the act of Congress of July 13th, 1866, in relation to internal revenue. That section provides, *inter alia*, " That in any case where .goods, chattels, or effects sufficient to satisfy the taxes imposed by law upon any person liable to pay the same, shall not be found by the collector or deputy collector, whose duty it may be to collect the same, he is hereby authorized to collect the same by seizure and sale of real estate ; and the officer making such seizure and sale, shall give notice to the person whose estate is proposed to be sold, by giving him in hand, or leaving at his last or usual place of abode, if he has any such within the collection district where said estate is situated, a notice, in writing, stating what particular estate is proposed to be sold, describing the same with reasonable certainty, and the time when and place where said officer proposes to sell the same." The deed offered in evidence, and rejected by the court, recited that notice was served upon the successors " by leaving a copy of the notice as provided by law, at the domicil on the estate seized as above described, and also with the administrator."

It is apparent from the foregoing recital, that the requirements of the statute in relation to notice were not complied with. It nowhere appears that "the domicile on the estate seized" was the last or usual place of abode of any of the successors. On the contrary, it inferentially appears from the face of the deed itself, that such "domicile" was not the last or usual place of abode of any of said

successors, and that a portion of them, at least, resided in the same collection district in which the estate sold, was situated, as it is previously recited in the deed that they resided at St. Joseph, in said county of Buchanan, and in St. Louis, and the property sold is described as the southeast quarter of section six, township fifty-seven, range thirty-five, containing one hundred and thirty acres more or less, situated in Buchanan county.

The circuit court, therefore, committed no error in excluding the collector's deed, and its judgment will be affirmed. Judges SHERWOOD and NAPTON concur; Judges NORTON and HENRY, not sitting.

AFFIRMED.